REDMANN, Judge.
A separated wife complains that the trial judge awarded only $40 weekly support for her child not quite two years old at trial time, and that the judge did not decide her claim for pre-divorce alimony.
We conclude that the $40 amount is within the trial judge’s necessary discretion in his attempt to balance needs (typically increased substantially when spouses separate) and incomes. The husband earns $320 gross and $215 “take-home” pay, and the wife only $100 gross and $96 take-home pay weekly. The husband had at trial time fixed obligations of $600 monthly (including a $250 mortgage note payment on the community’s house, then up for sale), although, for example, $200 for an automobile note certainly could not diminish a father’s obligation to support his child. Nevertheless, under this family’s financial circumstances, $40 weekly ($173.33 monthly) is not beyond the trial court’s discretion as support for a normal two-year-old child.
Because the trial court judgment is expressly entitled “Judgment on Child Support,” and expresses the view that all other disputes were resolved, it seems probable that the trial judge overlooked the alimony claim (rather than rejected it by silence). (The husband’s trial-time argument that pre-divorce alimony denies equal protection of the law presumably did not affect the trial judge; it is in any case answered by Hingle v. Hingle, La.App. 4 Cir. 1979, 369 So.2d 271.) We therefore now decide the claim and award $25 weekly to the wife, effective immediately, as our best guess at a fair balance of the needs and limited incomes of the parties.
Considering the undisputed take-home pay figures (there is no explanation of why the husband’s $320 gross falls to $215 net), after deducting only $40 weekly for the child and $58 for the house note (ignoring other obligations), the husband’s available income would appear to be only $117 compared to the wife’s $96. Those figures would justify awarding the wife only $10.50 weekly. But the $215 net figure is too low for $320 gross unless some unusual deduction is being made; perhaps the credit union loan for the automobile is being paid by payroll deduction. Deducting $380 monthly or $88 weekly for fixed obligations (other than the car loan) in addition to the $40 weekly child support leaves the husband $192 weekly before taxes, compared to the wife’s $100. Although income tax withholding may be adjustable because of alimony deductibility, FICA tax is not. Moreover, income tax withholding is unaffected by the fixed obligations that are nondeductible. It is thus inaccurate to suppose that the $92 pre-tax differential could be divided equally between the spouses for pre-divorce alimony. We estimate, under all the circumstances, that $25 weekly is the most that can fairly be given to the wife until the house is sold. At that time the husband will have an additional $58 weekly and a judgment might now provide for an increase for the wife (as the wife’s counsel requests): but other circumstances may also have changed by now or by then.
Amended to award plaintiff $25 weekly alimony pendente lite, effective immediately-